IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

**ROBERT DELIGIO,**
an individual,

    Plaintiff,                                      Case No.

v.

**UNITED PARCEL SERVICE, INC.,**
a foreign Corp.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT DELIGIO ("Deligio" or "Plaintiff"), by and through the undersigned counsel, does bring this civil action against Defendant, UNITED PARCEL SERVICE, INC., ("UPS"), asserting claims for age discrimination and retaliation under the Florida Civil Rights Act of 1992, § 760.10 *et. seq*, Florida Statutes ("FCRA") and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages the value of which exceeds $30,000, exclusive of pre-judgment interest, costs, and attorney's fees.

2. Plaintiff was a resident and citizen of Osceola County, Florida at all times material to this action.

3. Defendant is a package delivery company that provides services on a national and international basis and provides such services through multiple locations,

[1]

including a facility that it operates in Hernando County, Florida at all times relevant to this action.

4. Defendant has been Plaintiff's employer within the meaning of the Florida Civil Rights Act of 1992, §760.10 *et seq.*, Fla. Stat. ("FCRA") at all times material to this action.

5. Plaintiff's claims arise from conduct engaged in by Defendant that took place in Hernando County, Florida.

6. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge of age discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"), pursuant to 42 U.S.C. §2000e-5; receipt of a Notice of Right to Sue from the EEOC with respect to said charge; and the timely filing of this action.

## FACTUAL BACKGROUND

7. Deligio is fifty-five years old and began his employment with Defendant as a full-time driver in September of 1994, ultimately working from one of its facilities located in Brooksville, Florida.

8. During his employment Deligio has performed his work duties in an effective and diligent manner.

9. In or about April of 2017 Deligio began to experience issues with his work environment whereby supervising managers and/or management began to treat him and/or allowed him to be treated in a hostile, demeaning and discriminatory manner. The foregoing conduct represented discrimination against Plaintiff due to his age.

[2]

10. Plaintiff ultimately complained to Defendant and/or put Defendant on notice of the discrimination to which he had been subjected, including his dual filing multiple charges of discrimination with the EEOC and the Florida Commission of Human Relations ("FCHR").

11. In response to Plaintiff's complaints of discrimination Defendant subjected Plaintiff to further harassment and discrimination, doing so in retaliation for his having engaged in such legally protected activity.

12. Such discrimination and retaliation includes, but was not limited to demeaning comments, attitudes and/or false observations, opinions and allegations regarding his job performance; unwarranted threats of adverse employment actions; undue scrutiny and threats with regard to his employment and job performance; forcing him to perform duties, such as washing cars, in a disparate manner and in contravention of the existing seniority structure with Defendant; interfering with and/or manipulating the system so that Plaintiff is denied overtime and/or additional work assignments to the benefit of less senior employees or employees over whom such assignments should be mandated to go to Plaintiff by the existing system; and repeatedly thwarting and/or attempting to thwart Plaintiff's membership on a Safety Committee operated by Defendant.

13. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendant's ongoing, continuous, and unwarranted harassment, discrimination, and retaliation of Plaintiff.

14. As a result of the foregoing, Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I - AGE DISCRIMINATION
## IN VIOLATION OF THE FCRA

15. Plaintiff adopts and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff was and continues to be subjected to disparate treatment when compared to his co-workers based upon his age by Defendant.

17. Plaintiff's age was the determining factor in Defendant's decision to treat Plaintiff in such a disparate manner and ultimately to terminate Plaintiff's employment.

18. Defendants' discrimination of Plaintiff adversely affected and continues to affect the terms and conditions of his employment.

19. Defendant discriminated against and continues to discriminate against Plaintiff based upon his age.

20. Defendant knowingly and willfully discriminated against Plaintiff on the basis of his age in violation of the FCRA, § 760.10, *et seq.*, Florida Statutes.

21. Plaintiff has been damaged as a direct and proximate cause of Defendant's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

a. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

b. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

c. Award Plaintiff compensatory damages, including emotional distress damages;

d. Award Plaintiff front-pay;

e. Grant Plaintiff his costs and an award of reasonable attorney's fees under the FCRA; and

f. Grant Plaintiff any other relief that this Court deems just and equitable.

### COUNT II – RETALIATION BASED UPON AGE IN VIOLATION OF THE FCRA

22. Plaintiff adopts and re-alleges paragraphs 1 through 14 as if fully set forth herein.

23. Plaintiff was in a protected group (age) at all times material to this action.

24. Defendant subjected Plaintiff to age discrimination and retaliated against Plaintiff for his having engaged in legally protected speech and/or activity related to the age discrimination from which he suffered and continues to suffer.

25. As described above, Plaintiff engaged in legally protected activity by, among other things, seeking the protections afforded him under the FCRA.

26. Defendant retaliated against Plaintiff for his engaged in such legally protected activity in violation of the FCRA.

27. Plaintiff has been damaged as a direct and proximate cause of Defendant's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

a. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

b. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

c. Award Plaintiff compensatory damages, including emotional distress damages;

d. Award Plaintiff front-pay;

e. Grant Plaintiff his costs and an award of reasonable attorney's fees under the FCRA;

and

f.  Grant Plaintiff any other relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Dated: 7/30/21

>Respectfully Submitted,
>
>**TOBIN LAW GROUP, PL**
>
>*/S/ Bradley A. Tobin*
>Bradley A. Tobin, Esquire
>Florida Bar No. 0101818
>Westchase Commons
>13043 West Linebaugh Ave.
>Tampa, Florida 33626
>Tel:    813.452.6199
>Fax:    813.830.7200
>Email: btobin@tobinlawgroup.com
>*Attorney(s) for Plaintiff.*